FILED
SUPERIOR COURT
OF GUAM

2019 MAR 29 AM 11: 27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DARILYN D. DE GUZMAN,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARDO P. LOTOC,<br><br>Defendant. | Superior Court Case No. <u>CS0075-16</u><br><br>**DECISION AND ORDER AFFIRMING THE DECEMBER 4, 2018 RECOMMENDED FINDINGS AND ORDER** |

On behalf of Plaintiff Darilyn D. De Guzman, the Office of the Attorney General initiated this case against Defendant Bernardo P. Lotoc. It appears undisputed that the parties' two minor children, as well as De Guzman, do not and have never resided on Guam.

Before the Administrative Hearing Officer ("AHO"), Lotoc contested the Court's jurisdiction due to De Guzman's lack of residency. In her December 4, 2018 Recommended Findings and Order, the AHO determined the Court may exercise personal jurisdiction over De Guzman despite her foreign residency. Lotoc further objects that the Court lacked jurisdiction to order child support during a period in which neither parent had custody over the children and erred in failing to credit Lotoc for child support paid to the grandmother.

As a preliminary matter, the Court notes that "the Legislature created the position of family court referee for the purpose of expediting the process of determining child support" and "the principal purpose of the [Judicial Hearings Division] is to provide a speedy and efficient

ORIGINAL

legal process in child support cases." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 41; 19 G.C.A. § 5502. In reviewing a Referee or AHO's findings, this Court must "make a good faith effort to supervise the referee and correct any obvious errors" while relying on "the competency and experience" of the officer. *Lamb*, 2008 Guam 2 ¶¶ 41-42. "If [this Court] is sufficiently confident in the findings of the referee, [it] may simply accept the referee's conclusions with minimal comment." *Id.* ¶ 42. Similarly, this Court "need not conduct an in-depth review of the referee's recommendation before ratification." *Palomo v. Manglona*, 2012 Guam 18 ¶ 23.

The Court sees no obvious error in the AHO's legal analysis on personal jurisdiction. The AHO cited specific statutes establishing that the Superior Court of Guam may act as a Unified Child Support Tribunal to hear matters involving children residing in a foreign country. Findings at 7 (Dec. 4, 2018) (citing 5 GCA § 35103(3)). The AHO then cited 5 GCA § 35316 concerning the lack of a requirement for the physical presence of a nonresident to determine parentage. Finally, the AHO recited the express legislative public policy to have parents support their children. Findings at 8. The Court sees no obvious error in these findings.

Second, while Lotoc complains that the child support order of $974.88/month covered a time when neither parent had custody, the Child Support Worksheet covers Lotoc's 2016 income and child support obligation--a time when the children remained in DeGuzman's custody. The Court sees no obvious error in the AHO's adoption of the child support amount based on Lotoc's 2016 income, nor in the AHO's imposition of a child support obligation for 2016.

Finally, the AHO recognizes that Lotoc must receive a credit for the $1,500.00 he paid in CS0198-17 once an Order is issued. Concurrent with this Decision and Order is a Decision and Order in CS0198-17. Once CS0198-17 is remanded, the Court expects the Hearing Officer to credit the $1,500.00 in that case.

ORIGINAL

The Court OVERRULES the objection and affirms the AHO's December 4, 2018

Recommended Findings and Order.

SO ORDERED this 29th day of March 2019.


_____
HON. ÉLYZE M. IRIARTE
Judge, Superior Court of Guam


SERVICE VIA COURT BOX
I acknowle.'ge that a copy of the
original hereto was placed in the
court box of:

Date: 3/29/19  Time: 12p

Court of Guam


Appearing Attorneys:
    Assistant Attorney General Elisabeth T. Cruz for Darilyn D. De Guzman
    Joaquin C. Arriola, Jr., Arriola, Cowan & Arriola, for Bernardo P. Lotoc

ORIGINAL